IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,170-03




EX PARTE TAVARIS LASHAWN WATSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F-07-74074-Q IN THE 204TH DISTRICT COURT
FROM DALLAS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty years’ imprisonment. He did not appeal his conviction.
            On January 9, 2013, we remanded this application and directed the trial court to order, among
other things, the Dallas County District Clerk, Gary Fitzsimmons, to forward page eight of the 11.07
form, if filed by Applicant. A deputy in the District Clerk’s Office responded that page eight was
missing from the 11.07 form when it was filed in Dallas County.
 
            We are not persuaded that page eight of the 11.07 form was missing when it was filed in
Dallas County. We believe that the record should be developed. The trial court shall hold a live
evidentiary hearing and order Fitzsimmons to respond to the following: (1) how Article 11.07
applications are processed in Dallas County, from the day original paper applications are received
and filed in the county to the day they are forwarded to this Court; (2) whether the District Clerk’s
Office has written policies in place for the processing of Article 11.07 applications; (3) if so, what
these policies are and when they were adopted; (4) whether the District Clerk’s Office has quality
controls in place to ensure that Article 11.07 applications are completely and accurately copied or
digitally scanned; (5) how the District Clerk’s Office determines that copied or digitally scanned
Article 11.07 applications are an accurate representation of the original paper applications; (6)
whether the District Clerk’s Office retains original paper applications; (7) if they are retained, how
long they are retained, and if they are not retained, how quickly they are destroyed; (8) whether the
District Clerk’s Office serves the State with paper or digitally scanned copies of Article 11.07
applications; and (9) what happened in Applicant’s case. Other witnesses whose testimony is
relevant to this inquiry may testify at the hearing. The trial court shall appoint counsel to represent
Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the testimony of Fitzsimmons, and
other witnesses who testify, is credible. The trial court shall also make any other findings of fact that
it deems relevant to the District Clerk’s procedures, practices, and policies relating to the processing
of Article 11.07 applications.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from the evidentiary
hearing or deposition, along with the trial court’s supplemental findings of fact, shall be forwarded
to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from
this Court. 
 
Filed: May 22, 2013
Do not publish